**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Natalina Slaughter,                                    Court File No.

          Plaintiff,

                                     **COMPLAINT**
vs.                                              **WITH JURY DEMAND**

St. Louis County; and Correctional Officer
James Burhans, in his individual and official
capacities,

          Defendants.

---

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and/or Fourteenth Amendments to the United States Constitution and under the common law of the State of Minnesota, against St. Louis County and its employee James Burhans, in his individual and official capacities.

2. It is alleged that Defendants violated Plaintiff's constitutional rights under the Fourth and/or Fourteenth Amendments to the United States Constitution and engaged in battery, negligence, and negligent retention and supervision under Minnesota state law. It is also alleged that Defendant St. Louis County is vicariously liable to Plaintiff for the actions of its employees.

## JURISDICTION

3. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

1

## VENUE

4. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the State of Minnesota.

## PARTIES

5. Plaintiff Natalina Slaughter was at all material times a resident of the State of Minnesota, and of full age.

6. Defendant St. Louis County is a municipal corporation and the public employer of Defendant Officer Burhans. Defendant St. Louis County is sued directly and also on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02, for the actions of its officers and officials.

7. Defendant Officers Burhans, who is being sued in his individual and official capacities, was at all times relevant to this complaint duly appointed and acting Correctional Officer and/or employee of Defendant St. Louis County, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or St. Louis County.

## FACTS

8. In September of 2016, Plaintiff Natalina Slaughter secured employment with MEND Correctional Care, PLLC, as a medical technician. At the time, St. Louis County Jail had a contract with MEND Correctional Care to provide medical services for its jail population. Ms. Slaughter was assigned to work at the St. Louis County Jail.

9. On September 11, 2016, Ms. Slaughter was at work at the St. Louis County Jail. Ms. Slaughter was walking through an isolated hallway when Defendant Officer Burhans lunged at her, placed one hand around her neck, and started to compress and strangle her. Officer Burhans attacked Plaintiff with no justification whatsoever and without any prior notice or consent.

10. Ms. Slaughter experienced severe physical pain and discomfort as well as severe emotional distress during the attack. She believed that Defendant Officer Burhans was attempting to kill her through strangulation. Ms. Slaughter defended herself by pushing a medication cart at Officer Burhans and trying to free herself from his grasp.

11. Eventually, Officer Burhans released Plaintiff. Plaintiff reported the incident to the St. Louis County Sheriff's Office.

12. Plaintiff later learned that she was not Defendant Officer Burhans' first victim. She learned that Defendant Officer Burhans had a previous history of conducting similar unprovoked attacks on new medical staff at St. Louis County Jail as a form of training exercise.

13. Upon information and belief, prior to Defendant Officer Burhans' attack on Plaintiff, Defendant St. Louis County and its jail administration knew that Officer Burhans was perpetrating these attacks on new medical staff, but the County failed to take any action to discipline Officer Burhans or to direct him to terminate his unprovoked and unjustified attacks on new medical staff at the jail. As a result of the County's failure to act, Defendant Burhans continued with his pattern of unjustified assaults against medical staff, ultimately resulting in the assault on Plaintiff.

14. As a direct and proximate result of Defendants' actions, Plaintiff suffered injuries to her face, neck, and legs as well as severe emotional/psychological trauma and distress. Defendants'

3

actions caused Plaintiff to develop PTSD, panic attacks, and exacerbated previously existing mental health conditions. Plaintiff missed one month of work due to the incident, could not leave her house unless required for school/work/medical appointments for approximately 6 months following the incident, suffered a pseudoseizure, and developed suicidal thoughts. Plaintiff has been hospitalized as a direct result of the subject incident and has required extensive mental health therapy and counseling. As a direct result of Defendants' actions, Plaintiff required medical care and has incurred medical expenses. In addition, Plaintiff had to take time off work and has suffered lost wages.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983 – FOURTH AND/OR FOURTEENTH AMENDMENT UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST OFFICER BURHANS

15. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

16. Based on the above factual allegations, Officer Burhans subjected Plaintiff to an unreasonable seizure and engaged in excessive and unnecessary force against Plaintiff when he attacked and strangled her without justification. Officer Burhans engaged in physical force against Plaintiff without any legitimate justification and with the specific intent to cause pain and injury to Plaintiff.

17. Officer Burhans' actions against Plaintiff, as outlined above, were unreasonable and unnecessary, constitute punishment, were carried out for the purpose of punishment, were not reasonably related to any legitimate governmental interest or purpose, and are shocking to the conscience.

18. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: 42 U.S.C. § 1983 – FOURTH AND/OR FOURTEENTH AMENDMENT (*MONELL*) VIOLATIONS AGAINST DEFENDANT ST. LOUIS COUNTY

19. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

20. Prior to September 11, 2016, Defendant developed and maintained policies and/or customs and/or practices and/or lack of discipline, training, and policies exhibiting deliberate indifference to the constitutional rights of persons at St. Louis County Jail, which caused the violations of Plaintiff's constitutional rights.

21. It was the policy and/or custom and/or practice of Defendant to inadequately supervise and train its employees, including Officer Burhans, thereby failing to adequately prevent and discourage further constitutional violations. Specifically, St. Louis County knew that Defendant Burhans had a history of using excessive and unnecessary force against jails staff but the County failed to take any corrective or disciplinary action.

22. As a result of these policies and/or customs and/or practices and/or lack of discipline, training, and policies, employees of St. Louis County, including Officer Burhans, believed that their actions would not be properly monitored by supervisory employees and that misconduct would not be investigated or sanctioned, but would be tolerated.

23. These policies and/or customs and/or practices and/or lack of discipline, training, and policies were the cause of the violations of Plaintiff's constitutional rights alleged herein.

### COUNT 3: NEGLIGENCE AND NEGLIGENCE PER SE AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

24. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

25. Based on the above factual allegations, Defendants owed a duty of care to protect Plaintiff from unjustified physical attacks, and such attacks are explicitly prohibited pursuant to St. Louis County Jail policies and procedures. Defendant Officer Burhans breached this duty of

care when he attacked Plaintiff without justification and in direct violation of applicable St. Louis County policies, procedures, and code of conduct.

26. Officer Burhans' attack also constitutes a violation of Minnesota state criminal statutes.

27. Defendant St. Louis County is vicariously liable to Plaintiff for Defendant Officer Burhans' negligence.

28. As a direct and proximate result of this negligence, Plaintiff suffered damages as aforesaid.

## COUNT 4: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

29. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

30. Based on the above factual allegations, Defendant Officer Burhans negligently inflicted emotional distress upon Plaintiff. Specifically, Defendant Officers Burhans engaged in negligent conduct that placed Plaintiff in a zone of danger of physical impact created by his negligence when he attacked and strangled Plaintiff without justification. As a result of this negligent conduct, Plaintiff feared for her safety and suffered severe emotional distress with attendant physical manifestations.

31. Defendant St. Louis County is vicariously liable to Plaintiff for Defendant Officer Burhans' infliction of emotional distress.

32. As a direct and proximate result of this negligent infliction of emotional distress, Plaintiff suffered damages as aforesaid.

## COUNT 5: NEGLIGENT RETENTION AND SUPERVISION AGAINST ST. LOUIS COUNTY UNDER MINNESOTA STATE LAW

33. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

34. Based on the above factual allegations, Defendant St. Louis County negligently retained and supervised Defendant Officer Burhans. Specifically, St. Louis County owed Plaintiff a duty to control and prevent Defendant Officer Burhans from intentionally or negligently inflicting personal injuries upon Plaintiff. St. Louis County knew that Defendant Burhans posed a risk to the safety of individuals employed at St. Louis County Jail, but Defendant St. Louis County failed to take any action to protect jail staff from Officer Burhans.

35. As a direct and proximate result of this negligence, Plaintiff suffered damages as aforesaid.

### RELIEF REQUESTED

**WHEREFORE, the Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants, finding that Defendants violated her constitutional rights under the Fourth and/or Fourteenth Amendments to the United States Constitution and that Defendants are liable to Plaintiff for all damages resulting from these violations;

b. Issue an order granting Plaintiff judgment against Defendants on Plaintiff's state law claims, finding that Defendants are liable to Plaintiff for all damages resulting from these violations;

c. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

d. Award of punitive damages to Plaintiff against all Defendants, jointly and severally;

e. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

f. Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: <u>March 24, 2021</u>

By: <u>s/ Zorislav R. Leyderman</u>
ZORISLAV R. LEYDERMAN
Attorney License No. 0391286
Attorney for Plaintiff
The Law Office of Zorislav R. Leyderman
222 South 9th Street, Suite 1600
Minneapolis, MN 55402
Tel: (612) 876-6626
Email: zrl@ZRLlaw.com

8